**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 26-cr-00049-BAH** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PRESTON FLEMING,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America respectfully submits its position with respect to the sentencing of defendant Preston Fleming. The government recommends a sentence at the low end of the final guidelines range as determined by the Court, followed by two years of supervised release. A sentence consistent with the government's recommendation would be sufficient but not greater than necessary to satisfy all the factors the Court must consider under 18 U.S.C. § 3553(a). The government also seeks restitution in the amount of $22,994 and a forfeiture judgment in the amount of $172,594.[1] The government does not believe a fine is necessary in this case.

## I. Background

On April 17, 2026, Fleming pleaded guilty to a one-count Information charging him with wire fraud. ECF 1, 17. As part of his plea, Fleming admitted to his criminal conduct and took full responsibility for his role in the underlying offense. ECF 9.

Between April 2020 and June 2021, Fleming submitted false and fraudulent loan applications, agreements, and supplemental communications and documentation to the Small

[1] According to emails provided by counsel, it appears that the defendant has pre-paid the remaining restitution amount in advance of the final judgment and restitution order. Once the final judgment is issued, this amount should be credited towards the restitution owed by the defendant.

Business Administration ("SBA") and certain third-party lenders to obtain disaster relief funds through the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loans ("EIDL") programs. Presentence Investigative Report ("PSR") ¶ 15. Through these false and fraudulent submissions, Fleming obtained approximately $172,500 in disaster relief loans that he was not entitled to receive. PSR ¶ 13. Fleming then used these to purchase real property, construct a new personal residence, and pay for other personal expenses. PSR ¶ 17.

## II. Argument

### A. The Defendant's Advisory Sentencing Guideline Calculation

The parties and the U.S. Probation Office ("USPO") agree regarding the advisory Sentencing Guidelines in this case, except for the application of a two-level enhancement under U.S.S.G. § 2B1.1(b)(12). For this offense, the base offense level is 7 and the offense level should be increased by 10 levels pursuant to U.S.S.G. § 2B1.1(b)(1). PSR ¶¶ 26, 27. The USPO then applied a two-level enhancement because the conduct involved fraud in connection with major disaster or emergency benefits pursuant to U.S.S.G. § 2B1.1(b)(12). PSR ¶ 28. While the United States does not dispute the USPO's conclusion regarding the application of the two-level enhancement, neither party contemplated this enhancement when Fleming agreed to plead guilty. *See* ECF 9. Pursuant to the plea agreement, the United States does not support the application of the two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(12). Pursuant to U.S.S.G. § 3E1.1(a) and (b), the total offense level should be reduced by three levels. PSR ¶¶ 33, 34. Finally, pursuant to U.S.S.G. § 4C1.1(a) and (b), the final offense level should be reduced by two levels. PSR ¶ 14. Pursuant to the plea agreement, the United States submits that the final Total Offense Level is 12.

**B. The Defendant's Crime Warrants a Custodial Sentence within the Applicable Guidelines Range Based on the Sentencing Factors**

Based on the sentencing factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a term of imprisonment at the low end of the final guidelines range as determined by the Court. Section 3553(a) directs courts to impose a sentence "sufficient, but not greater than necessary" (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Section 3553(a) further directs the Court to consider: (1) the nature and circumstances of the offense and the characteristics of the defendant; (2) the statutory purposes noted above; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range as set forth in the Guidelines; (5) the Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any offense victims. 18 U.S.C. § 3553(a).

Here, the most relevant sentencing factors are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for deterrence. Each of these factors weigh in favor of sentencing the defendant to a custodial sentence at the low end of the guideline range. Such a sentence would not result in an unwanted sentencing disparity.

**1. Nature and Circumstances of the Offense**

First, the nature and circumstances of the offense militate in favor of a guideline term of imprisonment. Over a fourteen-month period, Fleming repeatedly submitted false and fraudulent documents to steal money from taxpayers. He did so despite being a licensed attorney (and member of the Georgia Bar) and a federal employee of the U.S. Department of Housing and Urban

Development ("HUD") during all times relevant to this offense. Fleming abandoned his duty to serve the public and chose instead to defraud the taxpayers for his own personal benefit. This serious misconduct cannot be condoned, and a custodial sentence is warranted under the circumstances.

**2. History and Characteristics of the Defendant**

Fleming's misconduct is serious and there is nothing remarkable in the defendant's background that would mitigate, excuse, or explain his criminal behavior. *See* PSR ¶¶ 29-49. Rather, the betrayal of his duties as a public servant supports a carceral sentence.

Fleming worked for HUD as a portfolio management specialist from 2011-2024. PSR ¶ 49. While working for HUD, Fleming completed law school and earned his Juris Doctor degree in 2017. *Id.* at ¶ 43. Prior to his civilian government service, he also served in the United States Navy for 22 years. *Id.* at ¶ 79. Despite serving the country for over 30 years, Fleming willfully chose to steal from the taxpayers. Fleming committed this offense simply to advance his financial position, not because he had to overcome an undue personal or socioeconomic hardship. His willingness to betray his duty came not from any personal difficulty, but rather his own greed and selfishness. For these reasons, the history and characteristics of the defendant support a custodial sentence.

**3. The Need for Deterrence**

The Court should send a strong message to deter the defendant and others for two reasons. First, offenses like those committed by the defendant erode the public's confidence in the integrity of our emergency relief programs. The citizenry should be able to trust that these programs will not be abused, and when they are, the perpetrators of such abuse are punished. Second, sentencing a white-collar defendant within the sentencing guideline range is especially important given the

history of 18 U.S.C. § 3553. As the legislative history shows, Congress viewed deterrence as "particularly important in the area of white collar crime." S. Rep. No. 98-225, at 76 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3259. Congress was specifically concerned that prior to the Guidelines, "[m]ajor white collar criminals often [were] sentenced to small fines and little or no imprisonment. Unfortunately, this creates the impression that certain offenses are punishable only by a small fine that can be written off as a cost of doing business." *Id.* One of the central reasons for creating the sentencing guidelines was to ensure stiffer penalties for white-collar crimes and to eliminate disparities between white-collar sentences and sentences for other crimes. *See United States v. Brewer*, 899 F.2d 503, 508 (6th Cir. 1990) (citing Stephen Breyer, *The Federal Sentencing Guidelines and the Key Compromises upon Which They Rest*, 17 Hofstra L. Rev. 1, 20-22 (1988) and U.S.S.G. Ch. 1, Pt. A, introductory cmt.) (noting that the guidelines were an attempt by the Sentencing Commission to address discrepancies and inequities between sentences for white-collar crimes and other crimes).[2] For these reasons, a guideline sentence is necessary to deter similarly situated defendants.

## III. <u>Conclusion</u>

The public deserves to have federal funds used for the benefit of the citizenry. The defendant's selfishness and greed took money from the very community that was supposed to receive the federal benefit dollars implicated in this case. Fleming must be held accountable. Under the circumstances, a term of imprisonment at the low end of final guidelines range as determined by the Court, followed by two years of supervised release is sufficient, but not greater

[2] *See also*, *e.g.*, *United States v. Morgan*, 635 F. App'x 423, 445 (10th Cir. 2015) (unpublished) (embracing Sixth Circuit's opinion in *United States v. Musgrave*, 761 F.3d 602, 604 (6th Cir. 2014), which reversed a district court's lenient sentence for an accountant, and noting that "the Sixth Circuit saw it for what it was, favoritism of the elite"); *United States v. Kuhlman*, 711 F.3d 1321, 1329 (11th Cir. 2013) ("The Sentencing Guidelines authorize no special sentencing discounts on account of economic or social status.").

than necessary, to comply with the purposes set forth in § 3553(a). Anything less would not adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, or adequately deter others from engaging in similar schemes.

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

By: /s/ *Nickolas Reck*
Nickolas Reck
Assistant United States Attorney
NY Bar No. 5599402
United States Attorney's Office
601 D Street, NW Washington, DC 20530
202-718-0295
Nickolas.Reck@usdoj.gov

Edward P. Sullivan
Acting Chief, Public Integrity Section

By: /s/ *Alexandre Dempsey*
Alexandre Dempsey
Trial Attorney
DC Bar No. 1010101
U.S. Department of Justice
Criminal Division, Public Integrity Section
1301 New York Ave, NW
Washington, DC 20005
(202) 514-1412

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendant.

*/s/ Alexandre M. Dempsey*__
Alexandre M. Dempsey

Dated: September 3, 2026